# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARA GLASS, | : | NO. 4:25-CV-00055 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Kara Glass's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will vacate the decision of the Commissioner and remand the case to the Commissioner for further proceedings.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Procedural History

On February 21, 2022, Glass applied for disability benefits under Title II of the Social Security Act, alleging disability as of January 15, 2021. Transcript, doc. 9-2 at 19. Following denials initially and upon reconsideration, Glass submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). *Id.* The ALJ conducted the hearing and determined that Glass is not disabled. *Id.* at 19-20.

Glass filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Glass's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 16, 18, 21) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, doc. 7.

## B.     The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, the claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, a claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allow] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

### C.   The ALJ's Decision

Here, the ALJ determined that Glass "has not been under a disability, as defined in the Social Security Act, from January 15, 2021, through the date of this decision" on April 16, 2024. Doc. 9-2 at 31.  The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* doc. 9-2 at 19-32.

At step one, the ALJ determined that Glass "has not engaged in substantial gainful activity since January 15, 2021, the alleged onset date." Doc. 9-2 at 21. At step two, the ALJ found that Glass has the following severe impairments: diabetes mellitus, diabetic polyneuropathy, stroke, venous insufficiency of both lower extremities, and obesity. *Id.* At step three, the ALJ determined that Glass "does not

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 25.

Between steps three and four, the ALJ found that Glass has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch or crawl. The claimant can tolerate frequent exposure to unprotected heights, extreme cold and vibrations. She can frequently operate hazardous machinery, and she can tolerate a loud noise environment.

*Id.* at 26.

At step four, the ALJ determined that Glass "is capable of performing past relevant work as a fast food manager. . .This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* at 30. Therefore, the ALJ determined that Glass "has not been under a disability, as defined in the Social Security Act, from January 15, 2021, through the date of this decision" on April 16, 2024. *Id.* at 31.

## D.    Issues on Appeal

Glass raises three issues on appeal: (1) the ALJ erred by failing to address her cane use in the RFC; (2) the ALJ failed to account for her visual limitations in the RFC; and (3) the ALJ's findings at step three of the sequential evaluation and RFC stage were not supported by substantial evidence. Pl.'s Br., doc. 16 at 7-15. The Court will confine its discussion to Glass's second allegation of error, as it is the only potentially meritorious claim that she raises.

## II.    LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a

large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the

ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Glass is disabled, but whether the Commissioner's finding that Glass is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for

his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.   DISCUSSION

The Court will remand this case to the Commissioner because the ALJ failed to account for Glass's visual impairments when determining her RFC.

Glass argues that despite evidence in the record demonstrating that she had visual impairments, the ALJ omitted and failed to explain why he did not include related limitations in her RFC. Doc. 16 at 11-14. Glass maintains that this error was not harmless, because her difficulties in vision could prevent her from performing her previous job as a fast-food manager or other jobs. *Id.* at 14.

The Court will remand because the ALJ erred by failing to assess Glass's non-severe visual impairments when determining her RFC, in contravention of Social Security regulations. Social Security regulations require ALJs to assess non-severe impairments along with severe ones at both steps two and four of the sequential analysis process to help determine a claimant's RFC. *Weitzel v. Colvin*, 967 F. Supp. 2d 1089, 1097 (M.D. Pa. 2013). As the Commissioner concedes, "At the later steps,

the ALJ considers both severe and non-severe impairments when assessing the RFC." Doc. 18 at 12, citing 20 C.F.R. § 404.1545(a)(2). This is the case because although a non-severe "impairment[] standing alone may not significantly limit an individual's ability to do basic work activities . . . [,] when considered with limitations . . . due to other impairments . . . [it] may . . . narrow the range of other work that the individual may still be able to do." SSR 96-8P, 1996 WL 374184, at *5 (July 2, 1996).

Courts in the Third Circuit have confirmed that "all of [a claimant's] medically determinable impairments both severe and non-severe must be considered at step two and then at step four when setting the residual functional capacity." *Weitzel*, 967 F. Supp. 2d at 1097; *See Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) ("The ALJ must consider all relevant evidence when determining an individual's residual functional capacity in step four."). Likewise, courts in this district have clearly expressed that "even if the ALJ properly determines that a claimant's impairments are non-severe at step two[,] a finding of non-severity does not eliminate those impairments from consideration of his or her overall ability to perform past work." *Binner v. Kijakazi*, No. 22-122, 2023 WL

35328, at *6 (M.D. Pa. Jan. 4, 2023) (citation modified). Moreover, "[t]he Commissioner's procedures do not permit the ALJ to simply rely on his [initial] finding of non-severity as a substitute for a proper RFC analysis." *Kich v. Colvin,* 218 F. Supp. 3d 342, 355 (M.D. Pa. 2016) (citation modified).

Here, the ALJ erred by neglecting to assess Glass's non-severe visual impairments at step four of the sequential analysis, before making his RFC determination or finding that she could perform past relevant work. At step two of the inquiry, the ALJ acknowledged that Glass had medically determinable visual impairments of hypertensive retinopathy, diabetic retinopathy, and bilateral vitreous degeneration. Doc. 9-2 at 22. However, at step four, the ALJ failed to discuss whether these non-severe visual impairments could impact Glass's ability to perform her past relevant work as a fast-food manager. Contrary to the Commissioner's argument, the ALJ did not meaningfully consider Glass's visual ailments simply by reciting the name of one of the three impairments he had previously found to be medically determinable, albeit non-severe, without any further discussion of the impairments or their impact on Glass's ability to work. Doc. 18 at 14, citing doc. 9-2 at 27.

Such a superficial mention is insufficient to meet the Social Security regulations' requirements. An ALJ's finding that impairments are "non-severe at step two does not permit the ALJ to simply disregard those impairments when assessing a claimant's RFC and making conclusions at step four and five." *Kich,* 218 F. Supp. 3d at 356 (citation modified). Therefore, the ALJ erred.

The ALJ's error warrants remand because his failure to consider Glass's visual impairments when crafting Glass's RFC potentially rendered the hypothetical questions he asked the vocational expert deficient, and thus, impacted his disability determination. If an ALJ does not include all of a claimant's impairments in a hypothetical posed to a vocational expert, the hypothetical cannot be considered substantial evidence, warranting remand. *See Burns v. Barnhart*, 312 F.3d 113, 123-124 (3d Cir. 2002).

The ALJ failed to address Glass's visual impairments at the RFC stage, either to include some limitation to account for them or to explain why he chose not to do so. Consideration of those impairments may have led to a different RFC, which would have affected the hypothetical questions posed to the vocational expert. Adding visual limitations to the

hypotheticals may have narrowed the jobs the vocational expert testified that Glass could do, including her past relevant work as a fast-food manager, which requires frequent near acuity. Fast Food Manager, 185.137-010, *Dictionary of Occupational Titles* (Fourth Edition, Revised 1991), 1991 WL 671285. Because the ALJ's exclusion of visual limitations from his RFC analysis may have impacted his disability determination, remand is warranted. *See Minarsky v. Kijakazi*, 747 F. Supp. 3d 801, 816 (M.D. Pa. 2024) (an error is not harmless and warrants remand when there is "reason to believe that the remand might lead to a different result.").

## IV.  CONCLUSION

Accordingly, the Commissioner's decision will be **VACATED**, and the case **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate order follows.

Date: July 13, 2026                 s/*Sean A. Camoni*
                                    Sean A. Camoni
                                    United States Magistrate Judge